**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KEVIN BARRY, et al.**<br><br>**Plaintiffs,**<br>**v.**<br><br>**ISLAMIC REPUBLIC OF IRAN,**<br><br>**Defendant.** | **Civil Action No.: 1:16-cv-01625-RC** |

**MEMORANDUM IN SUPPORT OF RENEWED CONSENT MOTION FOR ADOPTION OF ADMINISTRATIVE PLAN AND FOR STATUS CONFERENCE**

On August 13, 2018, this Court issued a minute order denying the Smith Plaintiffs' consent motion for adoption of an administrative plan and for appointment of a Special Master or an expedited hearing as a likely "unnecessary use of resources" because it was inclined to dismiss this case on statute of limitations grounds following the reasoning of another court in this district in *Maalouf v. Islamic Republic of Iran,* 306 F. Supp. 3d 203, 208-12 (D.D.C. 2018) (dismissing substantially similar actions "because of [their] patent untimeliness"). However, on May 10, 2019, the United States Court of Appeals for the District of Columbia Circuit overturned that court's decision, foreclosing that reasoning, holding:

> [T]he District Courts [in *Maalouf* and other cases] lacked authority or discretion to *sua sponte* raise the terrorism exception's statute of limitations to dismiss [these] cases . . . We therefore conclude that when an entirely absent defendant has forfeited the FSIA terrorism exception's statute of limitations, the defense is excluded from the case and may not be raised by the court *sua sponte.*

Opinion, *Maalouf et al. v. Islamic Republic of Iran*, USCA Case No. 18-7052; 18-7058 (D.C. Cir. Ct. App. May 10, 2019) (Ex. 1). Because the timeliness issue is now resolved for this Court, the Smith Plaintiffs hereby respectfully renew their motion to (i) adopt a proposed administrative

plan and schedule for further proceedings consistent with similar administrative plans approved and used by courts in this district in similar cases involving large numbers of geographically diverse plaintiffs such as *Doe v. Islamic Republic of Iran et al.*, 08-cv-548, and *Owens v. Republic of Sudan, et al.*, 01-cv-02244; (ii) appoint a Special Master to consider and issue a Report & Recommendation on compensatory damages issues for the Smith Plaintiffs;[2] and (iii) schedule a status conference at the Court's earliest convenience. *See* Dkt. 23, 28.

**Timing Considerations**

Time is of the essence for these victims, and the Smith Plaintiffs respectfully request the Court, in adopting a plan and schedule for further proceedings, take into consideration the September 13, 2019 deadline for application to the U.S. Victims of State Sponsored Terrorism Fund ("the Fund"). *See* U.S. VICTIMS OF STATE SPONSORED TERRORISM FUND, www.usvsst.com (last visited May 14, 2019) (establishing deadline of September 13, 2019 for applications to be considered for 2019-2020 payments). The refusal by state sponsors of terrorism (and Iran in particular) to respect the jurisdiction of the U.S. courts, or to honor victims' judgments, has made it extremely difficult for victims to enforce or otherwise satisfy their judgments. Congress established the Fund to enable victims who obtain judgments against state sponsors of terrorism to receive at least some measure of compensation based on those judgments, subject to a series of rigorous application and eligibility requirements, including temporal requirements. *See* 34 U.S.C. 20144. The Smith Plaintiffs and undersigned counsel are prepared to take whatever steps are necessary to enable this Court to receive sufficient evidence to render judgment in this case well in advance of the September 13, 2019 deadline to enable the victims, should they prevail, to

[2] The Smith Plaintiffs note that the original Plaintiffs in this action (the "Barry Plaintiffs") already have submitted a Motion for Default Judgment with supporting evidence. Dkt. 13, 32. The Smith Plaintiffs do not intend this motion to delay adjudication of the Barry Plaintiffs' claims, which the Smith Plaintiffs believe are ripe for review.

participate in the upcoming 2019-2020 distribution from the Fund.

The Smith Plaintiff victims suffered grievous injuries from the same heinous acts as their friends and colleagues who already have obtained – or are in the process of obtaining – judgments. There are a variety of reasons they did not, or were unable to, bring this action sooner, but they brought this action in 2017 so that they, too, could obtain judgments and participate in the Fund established for their benefit. Accordingly, the Smith Plaintiffs respectfully ask that the Court consider the proposed plan herein to enable them to seek the same relief, should the Court determine that judgment is warranted in their favor.

**The Smith Plaintiffs**

The Smith Plaintiffs can be divided into two categories:

1. 72 individuals employed, or performing contracts awarded, by the United States Government, or the estates of such individuals, who were killed or injured as a result of the April 18, 1983 and/or September 20, 1984 bombings of the U.S. Embassy and U.S. Embassy Annex in Beirut, Lebanon.

2. 396 immediate family members of those employee/contractor victims, who suffered emotional distress as a result of the attacks on their loved ones.

The Smith Plaintiffs are literally spread out across the globe, including in the United States, Asia, Australia, Canada, Europe, and the Middle East (mostly Lebanon).

**Collection and Presentation of Testimony**

Because of the magnitude of the evidence to be presented, involving more than 400 claimants worldwide, the Smith Plaintiffs propose to present damages evidence in two ways: (1) expert testimony regarding economic damages for murdered victims and (2) sworn affidavits. Each is discussed briefly below.

This combination of expert and affidavit testimony is intended to provide the Court sufficient information to apply appropriate standards and benchmarks derived from prior decisions under the FSIA Terrorism Exception to award damages to each individual victim.

***Expert Testimony.*** For the estates of the victims killed in the attacks, and certain victims who were rendered unable to work as a result of their injuries, the Smith Plaintiffs propose to submit an expert report detailing the economic damages sustained by each estate or victim as a result of the bombing.

***Affidavit Testimony***. Because testimony must be submitted for more than 400 Plaintiffs, the Smith Plaintiffs propose to present the remaining damages evidence through sworn affidavits from each Plaintiff, consistent with the Federal Rules of Civil Procedure. This is intended to both ease the burden on the Court to receive and review such a large volume of evidence, and to ameliorate the significant financial and administrative burdens associated with the presentation of deposition or live testimony of so many individuals who reside across multiple continents, and many of whom do not speak English fluently.[3]

**Appointment of A Special Master**

Consistent with the manner in which evidence has been presented in prior terrorism cases, the Smith Plaintiffs propose to submit affidavit testimony to a Special Master appointed by the Court pursuant to 28 U.S.C. 1605A(e) and Fed. R. Civ. P. 53 to receive evidence and issue a Report & Recommendation to the Court. Counsel notes that the use of Special Masters in similar cases has proven helpful to the courts and to the victims in rendering a more efficient process for the collection and review of evidence and conserving judicial resources. Counsel has contacted Mr. Paul Griffin, who served as Special Master in *Owens v. Islamic Republic of Sudan*,

[3] If it would assist the Court or the Special Master (requested below), the Smith Plaintiffs also are prepared to present a representative sample of testimony through individual, video-recorded *de bene esse* depositions. If authorized by the Court, representatives from Crowell & Moring LLP would administer any necessary oath at the commencement of the video-recorded deposition pursuant to Fed. R. Civ. P. 28(a)(1)(B) (depositions may be taken within the United States before "a person appointed by the court where the action is pending to administer oaths and take testimony") and (b)(1)(D) (depositions may be taken in a foreign country "before a person commissioned by the court to administer any necessary oath and take testimony"). The oath, and the deponent's agreement to abide thereby, would be recorded and available for review.

01-cv-2244, and *Peterson v. Islamic Republic of Iran*, 01-cv-2094. Mr. Griffin has indicated his willingness and availability to serve as Special Master in a similar capacity in this matter, should he be appointed by this Court.

Congress expressly contemplated and has authorized the appointment of Special Masters for cases like this under the FSIA Terrorism Exception. 28 U.S.C. §1605A(e). Congress also has specifically identified a source of funds for payment of Special Masters in such cases.[4] The Smith Plaintiffs respectfully submit that, given the number of victims in this case, and the time considerations relevant to their pursuit of long-awaited justice, this case is especially appropriate for the appointment of a Special Master to assist this Court in considering the evidence and rendering appropriate judgments. Accordingly, the Smith Plaintiffs respectfully request the Court to appoint Mr. Paul Griffin as Special Master to consider and report to the Court regarding all issues relating to compensatory damages for each of the Smith Plaintiffs' claims.

**<u>Administrative Plan</u>**

The Smith Plaintiffs respectfully request the Court to adopt the following Administrative Plan to govern all proceedings regarding determination of damages by the Special Master:

a. The Special Master shall file a written, signed statement indicating that he (1) has read and will follow the Administrative Plan, and (2) is not subject to disqualification under 28 U.S.C. § 455.

b. Payment of the Special Master shall be contingent upon the provision of funding from public or private sources to the United States District Court for the District of Columbia.

[4] *See* 28 U.S.C. §1605A(e)(2) ("The Attorney General shall transfer, from funds available for the program under Section 1404C of the Victims of Crime Act of 1984 . . . to the administrator of the United States district court in which any case is pending which has been brought or maintained under this section such funds as may be required to cover the costs of special masters appointed under paragraph (1). Any amount paid in compensation to any such special master shall constitute an item of court costs.").

If funding is received from any non-governmental source, the amounts so obtained shall be deposited in the registry of the Court to be disbursed pursuant to an order of this Court. For each day during which a Special Master works for an amount of time greater than zero but less than or equal to four hours, the Special Master shall be paid $600.00. For each day during which a Special Master works for an amount of time greater than four hours, the Special Master shall be paid $1,200.00. The Special Master shall also be paid for such master's business expenses, excluding transportation expenses, incurred on any day of work; payment for such business expenses shall be limited to $350.00 per day such expenses are incurred. In addition, the Special Master shall be paid for reasonable transportation expenses incurred, if any. Should any questions arise as to expenses, the regulations promulgated by the Internal Revenue Service regarding business expenses shall govern and, subject to the above limitation, all expenses qualifying as business expenses under Treas. Reg. § 1.162-1 shall be paid. Time spent by a Special Master reviewing legal issues relating to damages shall be compensable in accordance with this paragraph.

c. The Special Master appointed under this Plan shall consider all issues relating to compensatory damages as to each claim made by the Smith Plaintiffs. He is to be guided as to the admissibility of evidence by the Federal Rules of Evidence. However, it shall not be necessary for documents to be qualified as genuine pursuant to Fed. R. Evid. 901. Authentication may be made by counsel's representation that a proffered document is genuine and is an accurate copy of what counsel proffers it to be.

d. The Special Master shall be guided in reviewing and evaluating damages claims by the provisions of 28 U.S.C. §1605A, by any opinions of this Court on liability issues, by the opinions of the courts in this district in other litigations against Defendant arising from the same

attacks, including *Dammarell v. Islamic Republic of Iran*, 281 F.Supp.2d 105 (D.D.C. 2003) ("*Dammarell I*"), *Dammarell v. Islamic Repubic of Iran*, 404 F. Supp. 2d 261 (D.D.C. 2005) ("*Damarell II*"), *Dammarell v. Islamic Republic of Iran*, Civ. A. No. 01-2224, 2006 WL 2583043 (D.D.C. 2006) ("*Dammarell III*"), and *Doe v. Islamic Republic of Iran*, 943 F.Supp.2d 180 (D.D.C. 2013), and by such further Orders as may be entered by the Court relating to any issues of compensatory damages.

e. The Special Master shall have all the powers set forth in Fed. R. Civ. P. 53(c), including, but not limited to, the power to compel production of evidence and to administer oaths. To the extent *de bene esse* deposition testimony is used to collect and present evidence, counsel for the Smith Plaintiffs are appointed and commissioned to administer oaths and take testimony.

f. The Special Master may communicate *ex parte* with the Court or with counsel for Plaintiffs to the extent that he determines it is reasonable and in aid of the efficient and economical resolution of his duties. Counsel for Plaintiffs may also communicate with the Special Master *ex parte* as reasonably necessary to facilitate the carrying out of his duties.

g. The Smith Plaintiffs shall submit to the Special Master all damages evidence, consistent with the Administrative Plan, on a rolling basis, to be completed on or before **June 14, 2019**, unless otherwise ordered by the Court.

h. The Special Master shall submit a Report & Recommendation to the Court containing findings of fact and conclusions of law regarding compensatory damages as to each of the Smith Plaintiffs' claims no later than **July 19, 2019**, unless otherwise ordered by the Court.

**Status Conference**

To ensure that they are able to present their evidence in the manner most convenient and useful for the Court, the Smith Plaintiffs request the Court set a status conference at its earliest convenience to discuss any matters regarding this proceeding that would be helpful to the Court in reaching a final adjudication.

**Proposed Schedule**

**Submission of affidavits: Plaintiffs to submit to the Special Master on a rolling basis by no later than June 14, 2019.**

**Filing of Proposed Findings of Fact and Conclusions of Law: The Special Master to submit to the Court no later than July 19, 2019.**

Dated: May 14, 2019

Respectfully submitted,

*/s/ Aryeh S. Portnoy*
Aryeh S. Portnoy
Stuart H. Newberger
John L. Murino
Emily M. Alban

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 624-2500

*Attorneys for Smith Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system on May 14, 2019. The Defendant in this action could not be sent a copy of the foregoing as it has not yet entered an appearance and/or has not acknowledged other efforts to contact it in this case or others similar to it. Notice of this filing will be sent by electronic mail to Plaintiff's counsel of record by operation of the Court's CM/ECF system.

*/s/ Aryeh S. Portnoy*
Aryeh S. Portnoy