# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| **KEVIN BARRY**, et al. | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 16-1625 (RC) |
| | : | | |
| v. | : | Re Document No.: | 33 |
| | : | | |
| **ISLAMIC REPUBLIC OF IRAN**, | : | | |
| | : | | |
| Defendant. | : | | |

## ORDER ON SMITH PLAINTIFFS' RENEWED CONSENT MOTION FOR ADOPTION OF ADMINISTRATIVE PLAN AND FOR STATUS CONFERENCE

### GRANTING PLAINTIFFS' MOTION FOR ADOPTION OF ADMINISTRATIVE PLAN AND FOR STATUS CONFERENCE

Upon consideration of the Smith Plaintiffs' Renewed Consent Motion for Adoption of Administrative Plan and for Status Conference, and the entire record herein, it is hereby

**ORDERED** that the Smith Plaintiffs' Motion is **GRANTED**; and it is further

**ORDERED** that Paul Griffin is hereby **APPOINTED** Special Master for the administration of the compensatory damages claims of the Smith Plaintiffs in the above-captioned case in accordance with, and subject to, the Administrative Plan. The Court may later, if necessary, refer to the Special Master the compensatory damages claims of the Barry Plaintiffs; and it is further

**ORDERED** that the appointed Special Master shall file a written, signed statement indicating that he (1) has read and will follow the Administrative Plan, and (2) is not subject to disqualification under 28 U.S.C. §455; and it is further

**ORDERED** that, in accordance with the Administrative Plan, payment of the Special Master shall be contingent upon receipt of funding from public or private sources by the United States District Court for the District of Columbia; and it is further

**ORDERED** that the Smith Plaintiffs shall submit to the Special Master all damages evidence, consistent with the Administrative Plan, on a rolling basis, to be completed by a date to be set by the Special Master, unless otherwise ordered by the Court; and it is further

**ORDERED** that the Special Master shall submit to the Court a report containing findings of fact and conclusions of law regarding compensatory damages as to each of the Smith Plaintiffs' claims. The Special Master shall propose to this Court a date by which the preparation of such a report is feasible; and it is further

**ORDERED** that this Court shall set a status conference at its earliest convenience.

**SO ORDERED**.

Dated: June 18, 2019                                                        RUDOLPH CONTRERAS
                                                                            United States District Judge

## **ADMINISTRATIVE PLAN**

Pursuant to 28 U.S.C. § 1605A(e)(1) and Federal Rule of Civil Procedure 53(a), Paul Griffin shall serve as the Special Master to consider all issues relating to compensatory damages for each of the Smith Plaintiff's claims. The following plan shall govern all proceedings regarding determination of damages by the Special Master:

a. The Special Master shall file a written, signed statement indicating that he (1) has read and will follow the Administrative Plan, and (2) is not subject to disqualification under 28 U.S.C. § 455.

b. Payment of the Special Master shall be contingent upon the provision of funding from public or private sources to the United States District Court for the District of Columbia. If funding is received from any non-governmental source, the amounts so obtained shall be deposited in the registry of the Court to be disbursed pursuant to an order of this Court. For each day during which a Special Master works for an amount of time greater than zero but less than or equal to four hours, the Special Master shall be paid $600.00. For each day during which a Special Master works for an amount of time greater than four hours, the Special Master shall be paid $1,200.00. The Special Master shall also be paid for such master's business expenses, excluding transportation expenses, incurred on any day of work; payment for such business expenses shall be limited to $350.00 per day such expenses are incurred. In addition, the Special Master shall be paid for reasonable transportation expenses incurred, if any. Should any questions arise as to expenses, the regulations promulgated by the Internal Revenue Service regarding business expenses shall govern and, subject to the above limitation, all expenses qualifying as business expenses under Treas. Reg. § 1.162-1 shall be paid. Time spent by a Special Master reviewing legal

issues relating to damages shall be compensable in accordance with this paragraph.

      c.      The Special Master appointed under this Plan shall consider all issues relating to compensatory damages as to each claim made by the Smith Plaintiffs and possibly the Barry Plaintiffs. He is to be guided as to the admissibility of evidence by the Federal Rules of Evidence. However, it shall not be necessary for documents to be qualified as genuine pursuant to Fed. R. Evid. 901. Authentication may be made by counsel's representation that a proffered document is genuine and is an accurate copy of what counsel proffers it to be.

      d.      The Special Master shall be guided in reviewing and evaluating damages claims by the provisions of 28 U.S.C. §1605A, by any opinions of this Court on liability issues, by the opinions of the courts in this district in other litigations against Defendant arising from the same attacks, including *Dammarell v. Islamic Republic of Iran*, 281 F.Supp.2d 105 (D.D.C. 2003) ("*Dammarell I*"), *Dammarell v. Islamic Repubic of Iran*, 404 F. Supp. 2d 261 (D.D.C. 2005) ("*Damarell II*"), *Dammarell v. Islamic Republic of Iran*, Civ. A. No. 01-2224, 2006 WL 2583043 (D.D.C. 2006) ("*Dammarell III*"), and *Doe v. Islamic Republic of Iran*, 943 F.Supp.2d 180 (D.D.C. 2013), by any other cases in this Circuit that the Special Master deems pertinent, and by such further Orders as may be entered by the Court relating to any issues of compensatory damages.

      e.      The Special Master shall have all the powers set forth in Fed. R. Civ. P. 53(c), including, but not limited to, the power to compel production of evidence and to administer oaths. To the extent *de bene esse* deposition testimony is used to collect and present evidence, counsel for the Smith Plaintiffs are appointed and commissioned to administer oaths and take testimony.

   f. The Special Master may communicate in writing *ex parte* with the Court or with counsel for Plaintiffs to the extent that he determines it is reasonable and in aid of the efficient and economical resolution of his duties. Counsel for Plaintiffs may also communicate with the Special Master in writing *ex parte* as reasonably necessary to facilitate the carrying out of his duties. All such written *ex parte* communications shall be preserved. No oral *ex parte* communications are permitted.

   g. The Smith Plaintiffs shall submit to the Special Master all damages evidence, consistent with the Administrative Plan, on a rolling basis, to be completed on or before a date set by the Special Master, unless otherwise ordered by the Court.

   h. The Special Master shall submit a Report & Recommendation to the Court containing findings of fact and conclusions of law regarding compensatory damages as to each of the Smith Plaintiffs' claims. The Special Master shall propose to this Court a date by which preparation of such a report is feasible.