**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

KEVIN BARRY, *et al.*,

Plaintiffs,

v.

THE ISLAMIC REPUBLIC OF IRAN,

Defendant.

Civil Action No. 1:16-cv-01625-RC

**THE SMITH PLAINTIFFS' MOTION TO ADOPT THE SPECIAL MASTER'S REPORT AND RECOMMENDATION AS SUPPLEMENTED (DKT. NOS. 39, 52) AND MEMORANDUM IN SUPPORT**

The Smith Plaintiffs respectfully move this Court for an order adopting the Special Master's Report and Recommendation as supplemented, Dkt. Nos. 39, 52, pursuant to Fed. R. Civ. P. 53(f). In connection therewith, the Smith Plaintiffs further bring to the Court's attention recent Congressional action extending the time for victims of international terrorism to obtain judgments and submit applications to the U.S. Victims of State Sponsored Terrorism Fund.

## PROCEDURAL HISTORY

On August 9, 2019, the Special Master filed his Report and Recommendation with the Court setting forth findings of fact and conclusions of law and recommendations for compensatory damages awards for each of the Smith Plaintiffs. Dkt. No. 39. The Smith Plaintiffs did not object to the Special Master's initial Report and Recommendation.

On October 21, 2019, the Court issued an order directing the Special Master to supplement the Report and Recommendation to provide additional information on (1) the sources of evidence the Special Master relied upon to derive his recommendations on compensatory

damages for each individual plaintiff and (2) the Special Master's methodology and specific factual bases for recommended damages awards, including any upward or downward departures from the framework articulated in *Heiser* and other cases from this Court for damages awards in Foreign Sovereign Immunities Act ("FSIA") cases. Dkt. No. 47 at 2.

On November 21, 2019, in response to this Court's order, the Special Master submitted a supplemental Report and Recommendation that addressed each of these questions in detail and reaffirmed the initial recommendations of compensatory damages for each of the Smith Plaintiffs. Dkt. No. 52.

That same day, Congress enacted, and the President signed into law, the United States Victims of State Sponsored Terrorism Fund Clarification Act, Pub. L. No. 116-69 ("USVSST Fund Clarification Act"). Among other things, the Act specifically enlarged the window (which previously had expired in September 2019) during which judgments may be entered to render victims eligible for the third-round payments from the Fund. *See* USVSST Fund Clarification Act §1701(b)(1)(C)(ii)(II) (providing that "[t]he Special Master shall accept applications from eligible applicants . . . until the date that is 90 days after the date of the enactment of [the Act]").

## <u>DISCUSSION</u>

***Request to Adopt Report and Recommendation.*** The Smith Plaintiffs believe that the Special Master's Report and Recommendation, as supplemented, addresses the legal and factual issues identified by the Court relating to each of the Smith Plaintiffs' claims. Because the Smith Plaintiffs have no objection to the Report and Recommendation, and believe that the Special Master appropriately and comprehensively has addressed their claims under applicable law, the Smith Plaintiffs respectfully move the Court pursuant to Fed. R. Civ. P. 53(f)(2) to adopt the Report and Recommendation and proceed to judgment.

***Notice of Recent Congressional Action Extending Time for Applications to the USVSST Fund.*** In passing the recent USVSST Fund Clarification Act, Congress was aware of certain terrorism victims (such as the Smith Plaintiffs) who were still awaiting judgments, as well as other victims who had not yet commenced legal action (including certain 9/11 victims and Iran hostages), none of whom had been able to obtain final judgments prior to the September 2019 deadline for the USVSST Fund's third-round payments. To ameliorate this result, Congress created an additional 90-day window for such victims of international terrorism to obtain final judgments and submit applications for third-round payments from the USVSST Fund on or before February 21, 2020. *See* USVSST Fund Clarification Act §1701(b)(1)(C)(ii)(II).

At least one court already has taken notice of this new legislation and has solicited information from victims with pending cases regarding meeting this new deadline. *See, e.g.*, *In re Terrorist Attacks on Sept. 11, 2001*, 03-MDL-01570(GBD)(SN), Order, Nov. 21, 2019, ECF No. 5300 (noting new legislation *sua sponte* and directing plaintiffs to submit letter "estimat[ing] how many plaintiffs will seek judgments and the deadline for filing judgments with the [Fund]").

If this Court determines that the Smith Plaintiffs are entitled to judgment, they will be eligible to apply for compensation from the Fund alongside other victims of state-sponsored terrorism; and if such judgment is entered sufficiently in advance of the extended deadline, they will be able to do so in time for consideration for the Fund's third-round payments. The Smith Plaintiffs respectfully request the Court, if it determines to adopt the Report and Recommendation, to consider entering judgment prior to February 2020, so that those Smith Plaintiffs who receive judgment in their favor may have the opportunity to apply for compensation in time for the Fund's third-round payments as Congress intended.

* * *

The Smith Plaintiffs are prepared to expeditiously answer any further questions or provide any information or assistance, legal or factual, that may be useful to the Court in connection with the Court's consideration of the Smith Plaintiffs' claims.

## CONCLUSION

For the reasons set forth herein, the Smith Plaintiffs respectfully move this Court to adopt the Special Master's Report and Recommendation as supplemented, *see* Dkt. Nos. 39, 52, and enter judgment in the Smith Plaintiffs' favor. A proposed order is attached.

Counsel for Smith Plaintiffs could not confer with Counsel for Defendant as required by Local Rule 7(m) because Defendant has not yet entered an appearance and has not acknowledged other efforts to contact it in this case or in others similar to it.

Dated: November 26, 2019

Respectfully submitted,

/s/ Aryeh S. Portnoy
Aryeh S. Portnoy, D.C. Bar No. 464507
John L. Murino, D.C. Bar No. 484818
Emily M. Alban, D.C. Bar No. 977035
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 624-2500

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system on November 26, 2019. The Defendant in this action could not be sent a copy of the foregoing as it has not yet entered an appearance and/or has not acknowledged other efforts to contact it in this case or others similar to it. Notice of this filing will be sent by electronic mail to Plaintiffs' counsel of record by operation of the Court's CM/ECF system.

*/s/ Aryeh S. Portnoy*
Aryeh S. Portnoy