## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| KEVIN BARRY, *et al.* | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 16-1625 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 62, 63 |
| | : | | |
| ISLAMIC REPUBLIC OF IRAN, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION AND ORDER

### GRANTING SMITH PLAINTIFFS' MOTION TO SUBSTITUTE; GRANTING SMITH PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AS TO JOHN BROTHER6 NNNSMITH

## I. INTRODUCTION

On February 4, 2020, this Court entered default judgment on the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605, claims of the Smith Plaintiffs, a group of hundreds of individuals who were either directly injured in the 1983 or 1984 terrorist attacks in East Beirut, Lebanon or who are the immediate family members of such directly-injured individuals. *Kevin Barry, et al. v. Islamic Republic of Iran*, No. 16-1625 (RC), 2020 WL 549296 (D.D.C. Feb. 4, 2020). As the Court noted therein, it was unable to resolve the claim of one recently-deceased family member claimant, John Brother6 NNNSmith, for whom counsel for the Smith Plaintiffs indicated that the heirs had not yet appointed a representative of the estate. *Id.* at *13 & n.30. The Court thus could not approve substitution of a proper party or assess the standing of the estate to pursue the pending claim. *See id.* at *13–14. Accordingly, the Court held this claim in abeyance pending the appointment of a legal representative. *Id.* at *13 n.30.

The Smith Plaintiffs now indicate that John Brother6 NNNSmith's heirs have made an appointment and, accordingly, both (1) move the Court to substitute a legal representative on

behalf of this individual's estate, *see* Smith Plaintiffs' Motion to Substitute and Memorandum in Support Thereof ("Mot. to Substitute") 1–2, ECF No. 62, and (2) seek default judgment concerning liability and an award of compensatory damages on his behalf, *see* Smith Plaintiffs' Motion for Default Judgment in Favor of John Brother6 NNNSmith and Memorandum in Support Thereof ("Mot. Default J.") 1–2, ECF No. 63. For the reasons set forth below, the Court grants these motions.

## II. ANALYSIS

The Court will first assess the motion to substitute a legal representative for the estate of John Brother6 NNN Smith and then turn to the question of liability and damages.

### A. Motion to Substitute

The Smith Plaintiffs have provided the Court with the information it previously lacked: the identity of the proposed legal representative for John Brother6 NNNSmith, who passed away since the filing of the Smith Plaintiffs' complaint. The Smith Plaintiffs now move to substitute John Brother6 NNNSmith's son as the legal representative for his estate. Mot. to Substitute 1–2.

Because a "deceased individual" such as John Brother6 NNNSmith "cannot serve as the real party in interest in a civil action," he can no longer bring this claim unless there is an authorized legal representative. *Barry*, 2020 WL 549296, at *13 (quoting *Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d 48, 54 n.2) (citing Fed. R. Civ. P. 25(a)(1)). "If, as here, 'a party dies during litigation, Rule 25 allows for the substitution of a proper party. It states that once a formal suggestion of death is made on the record, a party or the decedent's successor or representative has 90 days in which to file a motion for substitution of a proper party.'" *Id.* (quoting *Worley v. Islamic Republic of Iran*, 75 F. Supp. 3d 311, 333 (D.D.C. 2014)).

Here, the Smith Plaintiffs filed a formal suggestion of death for John Brother6 NNNSmith on February 7, 2020, *see* Statement Noting a Party's Death, ECF No. 61, and moved on that same day to substitute his son as the legal representative of his estate, *see* Mot. to Substitute. As the Court has previously discussed, it may "substitute an appropriate person, such as a close relative, as a representative of" the decedent's estate." *Barry*, 2020 WL 549296, at *13 (quoting *Bluth v. Islamic Republic of Iran*, 203 F. Supp. 3d 1, 22 n.17 (D.D.C. 2016)). Because the Smith Plaintiffs indicate that the heirs of John Brother6 NNNSmith have appointed his son as such a representative, *see* Mot. to Substitute 1, and because this assertion is uncontroverted on the record before this Court, the Court grants the Smith Plaintiffs' motion to substitute John Brother6 NNNSmith's son to "pursue the decedent's rights which existed prior to his . . . death," *id.* at 2.[1]

### B. Motion for Default Judgment

The Smith Plaintiffs additionally move the Court to enter liability concerning John Brother6 NNNSmith's claims and to award compensatory damages in an amount equivalent to that of other similarly-situated Smith Plaintiffs. Mot. Default J. 1–2. Before addressing these issues, the Court must resolve the threshold question of whether the estate has standing under Lebanese law to pursue John Brother6 NNNSmith's intentional infliction of emotional distress ("IIED") claim. As the Court previously detailed, "Lebanese law allows for the award of compensation for 'moral damages,' such as emotional distress, suffered as the result of the wrongful death or tortious injury of an immediate relative,' and the estate of the original claimant has standing to pursue the claim." *Barry*, 2020 WL 549296, at *14 (quoting *Estate of Doe v.*

---

[1] The Court does not identify this individual by name because no pseudonym has been assigned. The Court is uncertain whether John Brother6 NNNSmith has more than one son; if he does, the Court notes that it specifically substitutes the individual named in the Smith Plaintiffs' motion to substitute, ECF No. 62, which was filed under seal.

*Islamic Republic of Iran*, 808 F. Supp. 2d 1, 21 (D.D.C. 2011)).  Because the son of John

Brother6 NNNSmith, the legal representative of his estate, is such an immediate relative, the

Court concludes that the estate has standing to pursue his claims.

Moreover, for the same reasons detailed in its earlier disposition, the Court finds entry of

default judgment concerning liability and damages to be proper here.  Concerning liability,

because the uncontroverted record before the Court establishes that John Brother6 NNNSmith is

the immediate family member (brother) of an individual who was injured in the 1983 attack, the

Court looks to general principles of tort law that govern IIED claims.  *See id.* at *14–15, *17–21

(noting need to establish "a theory of liability" under the FSIA and discussing relevant theory of

liability for immediate family member Smith Plaintiffs).  Applying these principles here, for the

same reasons articulated in detail in *Barry*, *id.* at *17–21, the Court finds that John Brother6

NNNSmith has established liability for his IIED claim.

The sole remaining question, then, is the proper measure of damages to award.  The

Special Master's report and recommendation initially suggested that the Court award the baseline

*Heiser* framework figure of $1.25 million for the sibling of a directly-injured claimant, and the

Smith Plaintiffs now move for an award in this amount.  Mot. Default J. 2 (citing Report and

Recommendation of Special Master Griffin ("R. & R.") 1010–12, ECF No. 40; R. & R.

Appendix C at 14, ECF No. 40-3).  *See also Barry*, 2020 WL 549296, at *22 (discussing *Heiser*

framework for FSIA damages).  The Court sees no reason to depart from the awards that it

granted to other Smith Plaintiffs who share the same familial relationship (sibling) with a

directly-injured claimant.  Thus, it awards $1.25 million to the estate of John Brother6

NNNSmith.

**CONCLUSION**

For the foregoing reasons, the Smith Plaintiffs' motion to substitute (ECF No. 62) and the Smith Plaintiffs' motion for default judgment (ECF No. 63) are **GRANTED**.

**SO ORDERED**.

Dated:  February 10, 2020                                    RUDOLPH CONTRERAS
                                                            United States District Judge